**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-7022**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARLIN RAYMOND FARRIS, a/k/a G,

Defendant - Appellant.

**No. 23-7065**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARLIN RAYMOND FARRIS, a/k/a G,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:18-cr-00099-RJC-DCK-1; 3:22-cv-00577-RJC)

Submitted:  May 22, 2025                                        Decided:  June 16, 2025

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

———————————

Dismissed and remanded by unpublished per curiam opinion.

———————————

Garlin Raymond Farris, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Garlin Raymond Farris seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion and his subsequent Fed. R. Civ. P. 59(e) motion. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted).

A jury convicted Farris of three drug offenses. In his § 2255 motion, Farris presented a compound claim of ineffective assistance of counsel, alleging that his trial counsel failed to investigate and to interview Seth Joseph Mays, a potential alternative suspect, thus depriving Farris of his rights to present a complete defense and to confront witnesses. The district court addressed part of this claim, finding no evidence that Mays was willing and available to testify, and holding that Farris had no right to confront a person who, like Mays, did not testify at trial. But the court did not address whether the alleged failure to investigate Mays so impaired Farris's defense that it constituted ineffective assistance of counsel.* We therefore conclude that the district court did not adjudicate all of the claims raised in the motion. *Porter*, 803 F.3d at 696-97.

---

* To be fair to the district court, Farris's § 2255 motion was not a model of clarity. "Nonetheless, courts are obligated to liberally construe pro se complaints, however inartfully pleaded." *United States v. Green*, 67 F.4th 657, 663 n.4 (4th Cir. 2023) (cleaned up). Having done so, we are compelled to conclude that Farris raised an ineffective assistance claim that the district court did not resolve.

3

Accordingly, we deny Farris's pending motions, dismiss the appeal for lack of jurisdiction, and remand to the district court for consideration of the unresolved claim. *Id.* at 699. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*